# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

LEE BAKER                                                                               PLAINTIFF

v.                                     Case No. 5:17-cv-00012-KGB-JTK

ROY GRIFFIN, *et al.*                                                  DEFENDANTS

# ORDER

The Court has received and reviewed two Proposed Findings and Recommendations ("Recommendations") submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. Nos. 39, 56). Plaintiff Lee Baker has filed objections to the second Recommendation, but he has not filed objections to the first Recommendation (Dkt. No. 62). After careful consideration of the Recommendations, Mr. Baker's timely objections, and a *de novo* review of the record, the Court concludes that the Recommendations should be, and hereby are, approved in their entirety and adopted as this Court's findings in all respects.

In his objection to the second Recommendation, Mr. Baker states that he "has evidence that defendants Byers, Griffin, Kelly, Moore, and Whitaker were notified" of his problems and deliberately ignored them (Dkt. No. 62, at 1). He admits he did not attach those documents to his complaint because the complaint form said not to do so. The Court evaluates a motion to dismiss based on the parties' filings, not other documents. The evidence that Mr. Baker claims to have would not change this Court's analysis.

As stated in the Recommendation, to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). For the reasons explained in the first and second Recommendations, Mr. Baker did not provide enough factual information in his complaint to meet the legal standard to survive a motion to dismiss as to certain claims against certain defendants in this matter.

It is therefore ordered that:

1. The motion to dismiss filed by defendants Kelley and Griffin is granted, and defendants Kelley and Griffin are dismissed with prejudice from this matter (Dkt. No 10).

2. The motion to dismiss filed by defendants Moore, Byers, and Whitaker is granted in part, with respect to Mr. Baker's claims against defendants Moore and Byers (Dkt. No. 41). Defendants Moore and Byers are dismissed from this action.

3. The motion to dismiss is granted in part, with respect to Mr. Baker's monetary claims against defendant Whitaker in her official capacity (Dkt. No. 41). Those claims are dismissed with prejudice.

4. The motion to dismiss is denied with respect to Mr. Baker's allegations against defendant Whitaker in her individual capacity (Dkt. No. 41). Those claims are permitted to proceed at this stage of the litigation.

So ordered this 24th day of August, 2017.

_____
Kristine G. Baker
United States District Judge